UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZACHARY S. MURPHY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN COUNTY DCS/CASA, et )<br>*al.*, )<br>)<br>)<br>Defendants. ) | Cause No. 1:23-CV-009-HAB-SLC |

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S FINDINGS AND REPORT AND RECOMMENDATION**

Pro se Plaintiff, Zachary Murphy, sued the Allen County DCS/CASA ("DCS") and several affiliated individuals ("Individual Defendants")[1] pursuant to 42 U.S.C. §1983 asserting that they violated his Constitutional rights to privacy and due process along with a hodge podge of federal statutory rights. DCS and the Individual Defendants (collectively, "the Defendants") moved to dismiss the claims against them asserting lack of subject matter jurisdiction and failure to state a claim for relief. (ECF No. 21). Plaintiff failed to respond to the motion.

On July 31, 2023, the undersigned referred the motion to the Magistrate Judge to issue a Report and Recommendation (R & R). (ECF No. 33). On February 14, 2024, the Magistrate Judge entered her R & R (ECF No. 45), recommending that the Defendants' Motion to Dismiss be GRANTED and that Plaintiff be given leave to file an amended complaint. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed

---

[1] These Defendants include: Brenda Coffel, Danielle Corcoran, Erin Fallet, Brittani Fields, Jill Harges, and Lisa Hoejke. Plaintiff also sued Defendants Suzanne Lange and Nancy Springer, who served as court appointed advocates for children (CASA). These Defendants did not joint in the motion to dismiss and thus, the claims against them are not addressed by the Magistrate Judge.

without any objections filed by the parties. (ECF No. 46, notice of the Defendants lack of objection to the R & R).

## DISCUSSION

A district court may assign dispositive[2] matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a

---

[2] Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) ....").

2

party. *Schur*, 577 F.3d at 760-61. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

As recounted above, the parties have not objected to the recommended disposition of the pending motion and, for good reason. The Magistrate Judge issued a 35 page detailed decision resolving the Defendants' motion and addressing all the arguments raised in the motion. The Magistrate Judge engaged in a thorough discussion of the relevant law, the jurisdictional issues asserted, and whether the Plaintiff stated a claim for relief against the Defendants. The court has reviewed the record in this case and finds that the R & R is not clearly erroneous. Accordingly, the Court adopts in its entirety Magistrate Judge Collins' recommended disposition of the motion.

## CONCLUSION

The Report and Recommendation (ECF No. 45) is ADOPTED IN ITS ENTIRETY. The Defendants' Motion to Dismiss (ECF No. 21) is GRANTED and the following claims are DISMISSED without leave to amend: (1) Plaintiff's claims against the individual Defendants in their official capacities and his claims against DCS; and (2) Plaintiff's state law and federal statutory claims against the Individual Defendants in their individual capacity. Plaintiff's claims of: (a) bias, harassment, or bad faith in the state Children in Need of Services (CHINS) proceedings, (b) violation of his substantive and/or procedural due process rights, and (c) gender discrimination, against the individual Defendants in their individual capacity are DISMISSED with leave to file an amended complaint by April 6, 2024. Failure to file an amended complaint by the deadline will result in the dismissal of DCS and the Individual Defendants from the case.

SO ORDERED on March 6, 2024.

                                              s/ Holly A. Brady
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT