UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZACHARY S. MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-00009-HAB-SLC ) |
| NANCY SPRINGER, *CASA Supervisor, Individual and Official, et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Before the Court is a motion for summary judgment, a supporting memorandum, a statement of material facts, accompanying exhibits, and a Local Rule 56-1 notice filed by Defendants Nancy Springer and Suzanne Lange ("Defendants"). (ECF 34-38).[1] *Pro se* Plaintiff has not filed a response to the motion, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(1), 56-1(b).

Chief Judge Brady subsequently referred this matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72-1. (ECF 44). For the following reasons, I recommend that Defendants' motion for summary judgment (ECF 34) be GRANTED, and that judgment be entered for Defendants and against Plaintiff. Alternatively, I recommend that Plaintiff's claims be DISMISSED with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41 and the Court's Local Rule 41-1.

---

[1] The claims against Allen County DCS/CASA, Danielle Corcoran, Branda Coffel, Erin Fallet, Brittani Fields, Lisa Hoejke, and Jill Harges were dismissed and are not subject to this Report and Recommendation. (ECF 48). Nevertheless, they will be referred as "DCS Defendants" hereinafter whenever appropriate.

## I. FAILURE TO PROSECUTE

Before turning to the motion for summary judgment, a matter warrants discussion. It appears Plaintiff has abandoned this case under Federal Rule of Civil Procedure 41 and the Court's Local Rule 41-1. Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). District courts also have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted). "The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir. 1992) (citations and internal quotation marks omitted).

Local Rule 41-1 also permits the court to dismiss a civil case if "(a) no activity has occurred in the case for six months; (b) the court or clerk has notified the parties that the case will be dismissed for failure to prosecute it; and (c) at least 28 days have passed since the notice was given."

Here, Plaintiff never responded to the DCS Defendants' motion to dismiss filed over a year ago on April 7, 2023 (ECF 21), nor Defendants' motion for summary judgment filed on

August 18, 2023 (ECF 34). On February 14, 2024, the undersigned issued a Report and Recommendation concluding that Plaintiff's claims against DCS Defendants should be dismissed and warning that "Plaintiff may have abandoned this case, and a failure to prosecute may subject Plaintiff's case to dismissal under Federal Rule Civil Procedure 41 and Northern District of Indiana Local Rule 41-1." (ECF 45 at 8). Plaintiff had fourteen days to file any objections to this conclusion in the Report and Recommendation but did not do so. (*See id.* at 34-35).

On March 7, 2024, Chief Judge Brady afforded Plaintiff an opportunity to file an amended complaint in her Opinion and Order adopting the undersigned's Report and Recommendation, cautioning Plaintiff that "[f]ailure to file an amended complaint by [April 6, 2024,] will result in the dismissal of DCS and the Individual Defendants from the case." (ECF 47 at 3). On April 19, 2024, Chief Judge Brady issued an Order dismissing those claims because Plaintiff failed to file an amended complaint by the deadline. (ECF 48). Plaintiff has not otherwise taken any action in this case since May 2023.

While the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the undersigned has explicitly warned Plaintiff in the Report and Recommendation dated February 14, 2024, that he risked dismissal of this case if he failed to prosecute it by taking any action. (ECF 45 at 7-8); *see Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by Defendant Bowman's failure to comply with the Orders to Show Cause or to otherwise participate in the proceedings . . . ."). So did Chief Judge Brady's Order dated March 7, 2024, cautioning Plaintiff

3

that a failure to file an amended complaint would lead to the dismissal of the claims against the DCS Defendants. (ECF 47 at 3).

Moreover, Chief Judge Brady's April 19, 2024, Order, which was sent to Plaintiff at his address of record, returned as undeliverable. (ECF 49). This further compels the conclusion that Plaintiff has abandoned this case because he has failed to comply with his obligation to file a notice of change of address—an obligation he carries even if he is proceeding *pro se*. *See Boner v. Superintendent*, No. 3:15-CV-192 JD, 2015 WL 5098934, at *1 (N.D. Ind. Aug. 31, 2015) ("[I]t is [the *pro se* plaintiff's] responsibility to keep the court apprised of any change of address."). Plaintiff acknowledged this requirement in his amended complaint, as he represented he would "provide the Clerk's Office with any changes to [his] address where case-related papers may be served." (ECF 27 at 7). He also declared he understood that a failure to update his address on file "may result in the dismissal of [his] case." (*Id.*).

Therefore, the undersigned Magistrate Judge finds that Plaintiff's repeated failures to respond to the defendants' motions or to react to this Court's orders is contumacious conduct warranting dismissal of this case pursuant to Local Rule 41-1, Federal Rule of Civil Procedure 41(b), and the Court's "inherent power" to manage its own affairs "to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681; *see Alexander*, 321 F. App'x at 511 ("In three separate show-cause orders, the court formally warned the plaintiffs (through counsel) about the prospect of dismissal; the last of the orders elicited no response at all.").

Accordingly, I FIND that Plaintiff has failed to prosecute this case under Federal Rule of Civil Procedure 41 and Local Rule 41-1, and on this basis, I RECOMMEND that the Court *sua sponte* dismiss Plaintiff's case with prejudice. *See Salley v. Bailey*, No. 3:19-CV-00392-MAB, 2020 WL 4436333, at *2 (S.D. Ill. Aug. 3, 2020) (dismissing case where, among other things,

4

*pro se* plaintiff "failed to respond to Defendants' motion for summary judgment, despite a reminder from the Court to do so").[2]

## II. MOTION FOR SUMMARY JUDGMENT

Because "a nonmovant's failure to respond to a summary judgment motion" does not "automatically result in judgment for the movant," *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citations omitted), the undersigned will evaluate the motion for summary judgment on the merits.

### *A. Statement of Material Facts*

For summary judgment purposes, the facts are recited in the light most favorable to Plaintiff, the nonmoving party, *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003), however, whereas here "a party fails to respond to a motion for summary judgment, [his] failure constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial," *Terrell v. Am. Drug Stores*, 65 F. App'x 76, 77 (7th Cir. 2003) (ellipsis in original) (citations and internal quotation marks omitted). Therefore, I deem Plaintiff's failure to respond "as an admission that [Defendants'] version of the facts is true." *Id.*

Defendants provided a general overview of the facts material to their motion for summary judgment, citing Plaintiff's amended complaint and their own affidavits. (ECF 36 (citing ECF 27, 37-3, 37-4)). They represent that their involvement in this case stems from a Child in Need of Services ("CHINS") proceedings initiated in Indiana court sometime in July 2020 as a result of a physical altercation that occurred between Plaintiff and his children's

---

[2] The Court acknowledges that, if Plaintiff is not at the address on the docket, this Report and Recommendation is unlikely to reach him. However, Plaintiff can still attempt to determine the status of this case by visiting the clerk's office or by checking the online docket. Additionally, the undersigned already cautioned Plaintiff that a continued failure to prosecute may subject Plaintiff's case to dismissal in the February 14, 2024, Report and Recommendation. (ECF 45 at 8). That Report and Recommendation was mailed to Plaintiff and was not returned as undeliverable. (ECF 45).

mother. (ECF 36 ¶¶ 1-2; *see* ECF 27 at 8). The initiation of the CHINS proceedings, and Defendants' appointment as court appointed special advocates, resulted from the fact that Plaintiff's daughter and stepdaughter, Z.M. and D.G., witnessed the event. (ECF 36 ¶¶ 2, 4; *see* ECF 27 at 8-9).

Defendants contend their role during the CHINS proceedings was to consider the best interests of Plaintiff's daughter in making recommendations to the court, and that they did not have final decision-making authority regarding the custody of Plaintiff's daughter. (ECF 36 ¶ 6).[3] More specifically, Springer was the director of the Allen County Court Appointed Special Advocates ("CASA") and was responsible for performing administrative duties and supervising CASA employees and volunteers assigned to Z.M.'s case. (ECF 37-3 ¶ 5). Springer never met Z.M., appeared in court in Z.M.'s matter or made recommendations regarding the custody and care of Z.M. (*Id.*). As for Lange, she served as an assistant director of CASA and was responsible for supervising the volunteers that met with Z.M., read through their reports, read through supervised visitations reports, attend all court hearings, review findings of therapists, and collaborate with other agencies such as the Department of Child Services. (ECF 37-4 ¶ 6). Like Springer, Lange represents that she did not have final decision-making power regarding the custody of Z.M. (*Id.* ¶ 8).

As more fully set out in the undersigned's Report and Recommendation (ECF 45), Plaintiff's claims against Defendants arise out of the gradual loss of his parental rights with respect to his daughter and stepdaughter as a result of the CHINS proceedings. Consequently, Plaintiff brought a claim under 42 U.S.C. § 1983 against the DCS Defendants, Springer, and

---

[3] There are two underlying CHINS cases: one, involving Plaintiff's daughter Z.M., which was pending as of the time the motion for summary judgment was filed, and another, which is closed and involved his stepdaughter D.G. (ECF 35 at 2; ECF 36 ¶ 3). According to Defendants, their involvement was limited to the CHINS case pertaining to Plaintiff's daughter, not his stepdaughter. (*See generally* ECF 37-3, 37-4).

Lange in their individual and official capacities. (ECF 27). As part of his § 1983 claim, Plaintiff alleges (1) gender discrimination, (2) interference with custody, (3) invasion of privacy, (4) child abuse and neglect, and violations of (5) the UCCJEA, Indiana Code §§ 31-21, *et seq*, and specifically, §§ 31-21-5-7, 31-21-5-8, (6) his due process and fathers' rights, (7) the Health Insurance Portability and Accountability Act ("HIPAA"), (8) 28 U.S.C. § 1359, (9) the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, and (10) 18 U.S.C. § 241. (*Id.* at 4). Plaintiff requests $1,750,000 in punitive damages and compensation to pay for therapy for himself and his daughter. (*Id.* at 6). He also requests "the [i]ndividuals and the agencies be reprimanded for their actions and to immediately close the CHINS case and have no jurisdiction over [his] children." (*Id.*).

The claims against the DCS Defendants were dismissed on April 19, 2024 (ECF 48), leaving Springer and Lange as the only defendants in this action. As stated above, Defendants filed their motion for summary judgment on August 18, 2023, along with a supporting memorandum, a statement of material facts, and accompanying exhibits. (ECF 34-37). Defendants also filed an Appendix C notice as required by Local Rule 56-1(a)(4). (ECF 38). That notice informed Plaintiff about the summary judgment process and provided Plaintiff with a copy of Federal Rule of Civil Procedure 56 as well as this Court's Local Rule 56-1. It alerted Plaintiff that he could lose this case if he did not follow those rules. Plaintiff never filed a response to Defendants' motion for summary judgment, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(1), 56-1(b).

## B. Legal Standard

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne,* 337 F.3d at 770; Fed. R. Civ. P. 56(a). When ruling on a motion for

summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne*, 337 F.3d at 770 (citations omitted). The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

A court must construe the record in the light most favorable to the nonmoving party, and avoid "the temptation to decide which party's version of the facts is more likely true[,]" as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* (citations omitted). "[A] party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771 (citation omitted).

## C. Arguments

1. <u>Statutory Immunity</u>

To begin, Defendants assert that they enjoy statutory immunity under Indiana Code § 31-32-3-10. (ECF 35 at 4-5). Section 31-32-3-10 provides:

> Except for gross misconduct, if: . . . a court appointed special advocate . . . performs the person's duties in good faith, the person is immune from any civil liability that may occur as a result of that person's performance during the time that the person is acting within the scope of the person's duties.

Ind. Code § 31-32-3-10. "Court-appointed special advocates are community volunteers who represent and protect the best interests of a child." *Dircks v. Ind. Dep't of Child Servs.*, No. 1:21-CV-00451-JMS-MG, 2022 WL 742435, at *34 (S.D. Ind. Mar. 11, 2022) (citing Ind. Code § 31-

9-2-28). "Experts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need absolute immunity in order to be able to fulfill their obligations without worry of intimidation and harassment of dissatisfied parents." *Id.* (citing *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009)). Therefore, "[c]ourt-appointed advocates are immune to claims arising within the scope of their court-appointed duties." *Id.* (citation omitted).

Here, Defendants submitted evidence showing that CASA was appointed by the state court during the CHINS proceedings and that to the extent they have made recommendations to the court, they only considered the best interests of Plaintiff's daughter when making them. (ECF 36 ¶ 6 (citing ECF 37-3 ¶¶ 6, 7; ECF 37-4 ¶¶ 5-7)). They also affirmed under penalty of perjury that they did not make "any false statements to the court, nor have [they] colluded with any Department of Child Services employee and/or any other person to take Plaintiff's child from him." (ECF 37-3 ¶ 8; ECF 37-4 ¶ 10). They further denied discriminating against Plaintiff based on his sex. (ECF 37-3 ¶ 9; ECF 37-4 ¶ 11). Therefore, on this record, it is undisputed that Defendants acted in good faith and within the scope of their duties, and thus, they are entitled to absolute immunity. On this basis, I FIND that Defendants' motion for summary judgment should be granted.

2. Abstention

Defendants also contend the Court should refrain from asserting its jurisdiction under the *Younger* abstention doctrine, as argued by the DCS Defendants in the brief accompanying their motion to dismiss. (ECF 35 at 5; *see* ECF 22 at 5-9).

As stated in the undersigned's February 14, 2024, Report and Recommendation, "[t]he basic principle of *Younger* abstention is that, absent extraordinary circumstances, a federal court

should not interfere with pending state judicial proceedings." (ECF 45 at 9-10 (citing *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986))). "*Younger* and its progeny require federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." (*Id.* at 10 (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007))). As further explained, the first three factors of the *Younger* doctrine favored abstention because the CHINS proceedings, which are judicial in nature, are ongoing, implicate important state interests, and provided Plaintiff an adequate opportunity to litigate his federal claims. (*Id.* at 13). Those conclusions remain undisturbed as applied to Defendants.

Regarding the exception to the *Younger* doctrine, the fourth factor, the only allegations pertaining to Defendants are that "some" Defendants "admitted" that their acts were motivated by the fact that "they do not like [Plaintiff]" (ECF 27 at 12), and that Defendants testified to Plaintiff's probation officer that he had violated a protective order, allegations which Plaintiff characterizes as "merit-less" (*id.* at 11). But "mere allegations of a complaint are not evidence." *Tibbs v. City of Chi.*, 469 F.3d 661, 663 n.2 (7th Cir. 2006) (citation omitted).

Here, there is no evidence that Defendants falsely accused Plaintiff of violating a protective order or otherwise acted with bias or harassment because they did not like him. To the contrary, Defendants submitted affidavits in which they denied making any false statements to the state court and Springer affirmed that her recommendations to the state court were solely based on the best interests of Plaintiff's daughter, foreclosing any allegation of bias or harassment on this record. (ECF 37-3 ¶¶ 7, 8; ECF 37-4 ¶¶ 7, 10).[4] Therefore, there is no

---

[4] Lange testified that she did not personally appear in court in this matter or made any recommendations about the custody and care of Z.M. to the court. (ECF 37-3 ¶ 5).

10

evidence that any bias against Plaintiff would be so extraordinary as to compel applying the "narrow" *Younger* exception. *Living Word Outreach Full Gospel Church & Ministries, Inc. v. City of Chi. Heights*, No. 96 C 2508, 1996 WL 529376, at *3 (N.D. Ill. Sept. 16, 1996).[5]

In sum, the *Younger* abstention doctrine applies to the claims raised against Defendants such that "[t]he better path—since Indiana courts are competent to adjudicate [the] federal constitutional claims—is to leave the integrated CHINS framework to the Indiana courts." *Nicole K. v. Stigdon*, No. 1:19-cv-01521-JPH-MJD, 2020 WL 1042619, at *4 (S.D. Ind. Mar. 3, 2020) (citations and footnote omitted), *aff'd,* 990 F.3d 534 (7th Cir. 2021).[6] Nevertheless, while the Court could dismiss Plaintiff's claims without prejudice on this basis, *Zummo v. City of Chi.*, 345 F. Supp. 3d 995, 1004 (N.D. Ill. 2018) (dismissing claims without prejudice on *Younger* abstention grounds), *aff'd,* 798 F. App'x 32 (7th Cir. 2020), I FIND that the Court should either *sua sponte* dismiss the claims with prejudice for failure to prosecute and deny the motion for summary judgment as moot, or alternatively, grant the motion for summary judgment and issue a judgment for Defendants and against Plaintiff.

---

[5] In his complaint, Plaintiff states that he has proof of discrimination and bias, such as emails and a witness willing to testify, but he did not present such proof to the Court at any point before he abandoned this case. (*See* ECF 27 at 12).

[6] The Court may also abstain on two other possible grounds. First, the Court may abstain based upon the domestic relations exception which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Brown v. Consol. City of Indianapolis*, No. 1:05-CV-1585-RLY-VSS, 2006 WL 8448164, at *4 (S.D. Ind. June 20, 2006) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703-06 (1992)). "[E]ven when subject-matter jurisdiction might be proper, . . . sufficient grounds may exist to warrant a court's abstention from the exercise of jurisdiction in cases involving elements of a domestic relationship." *Id.* (citing *Ankenbrandt*, 504 U.S. at 704). The Court may also abstain based on the *Rooker-Feldman* doctrine to the extent Plaintiff is seeking to reverse an adverse judicial termination by the state court. Indeed, the "remedy for that is by appeal in state court. The *Rooker-Feldman* doctrine prevents [a plaintiff] from waging a collateral attack on the judgment by way of federal constitutional claims for damages." *Martin v. Indiana*, No. 1:12 CV 69 JM, 2013 WL 1332165, at *5 (N.D. Ind. Mar. 29, 2013) (citing *Bach v. Milwaukee Cnty.,* 490 Fed. App'x. 806 (7th Cir. 2012)).

11

3. Other Claims

While the undersigned noted that the Report and Recommendation only concerned the claims against the DCS Defendants, the conclusions therein, for the most part, apply equally to the remaining claims against Defendants. (*See* ECF 45 at 1 n.1).

As explained, several claims fail as a matter of law. To start, Plaintiff's federal statutory claims under HIPAA, the PKPA, 28 U.S.C. § 1359, 18 U.S.C. § 241, and section 80 of 28 U.S.C. § 1940 do not provide for a private right of action. (*Id.* at 27-28). Additionally, his state statutory claims under Indiana Code §§ 31-21-5-7, 31-21-5-8 create no right of action in this Court. (*Id.* at 31-32).

As for Plaintiff's allegations of due process violations, sex discrimination, invasion of his right to privacy, child abuse and neglect, and interference with custody, Plaintiff has not put forth any evidence supporting any of these claims or disputing Defendants' evidence, which shows that Defendants acted within the scope of their duties, never presented false statements to the court, nor strayed from their responsibility of considering Plaintiff's daughter's best interests during the CHINS proceedings.[7] As a corollary, Chief Judge Brady afforded Plaintiff an opportunity to file an amended complaint to cure the deficiencies in those claims that could be remedied, but Plaintiff never did so. Those claims were subsequently dismissed (ECF 48), and the undersigned sees no reasons for these claims to stand against Defendants at this juncture.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Defendants' motion for summary judgment (ECF 34) be GRANTED, and that judgment be

---

[7] His allegations of child abuse and neglect and interference with custody, which the undersigned deems to be state law claims, alternatively compel the Court's abstention under *Younger*.

entered for Defendants and against Plaintiff on all claims. Alternatively, the undersigned RECOMMENDS that the Court *sua sponte* DISMISS Plaintiff's claims with prejudice for failure to prosecute and that Defendants' motion for summary judgment be denied as MOOT.

The Clerk is directed to send a copy of this Report and Recommendation to *pro se* Plaintiff and counsel for all defendants. Fed. R. Civ. P. 72(b). NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

Entered this 3rd day of May 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge