UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZACHARY S. MURPHY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:23-CV-009-HAB-SLC |
| | ) |
| ALLEN COUNTY DCS/CASA, et *al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S FINDINGS AND REPORT AND RECOMMENDATION**

Pro se Plaintiff, Zachary Murphy, sued the Allen County DCS ("DCS") and several affiliated individuals[1] pursuant to 42 U.S.C. §1983 asserting that they violated his Constitutional rights to privacy and due process along with a hodge podge of federal statutory rights (collectively, "the DCS Defendants"). Plaintiff also sued Defendants Suzanne Lange and Nancy Springer, who served as court appointed advocates for children (CASA) (collectively, "the CASA Defendants"). The CASA have now Defendants moved for summary judgment. (ECF Nos. 34-38). Although he was advised of his obligation to do so, Plaintiff failed to respond to the motion.

On October 31, 2023, the undersigned referred the motion to the Magistrate Judge to issue a Report and Recommendation (R & R). (ECF No. 44). On May 3, 2024, the Magistrate Judge entered her R & R (ECF No. 50), recommending that the CASA Defendants' Motion for summary judgment be GRANTED or alternatively, that the Court sua sponte dismiss Plaintiff's claims with

---

[1] These Defendants include: Brenda Coffel, Danielle Corcoran, Erin Fallet, Brittani Fields, Jill Harges, and Lisa Hoejke. The Court previously adopted an R & R dismissing the DCS defendants. (ECF No. 48). Although given an opportunity to amend, Plaintiff did not do so. The Clerk will enter final judgment as to all Defendants in a separate entry after docketing of this Order.

prejudice for failure to prosecute and deny the motion for summary judgment as moot. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

## DISCUSSION

A district court may assign dispositive[2] matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a

---

[2] Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) ....").

party. *Schur*, 577 F.3d at 760-61. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

As recounted above, the parties have not objected to the recommended disposition of the pending motion and, for good reason. The Magistrate Judge issued a detailed decision resolving the Defendants' motion and addressing all the arguments raised in the motion. The Magistrate Judge also noted that the Plaintiff appears to have abandoned his case – as mail is being returned undeliverable to the Court and he has not filed responses to any of the prior motions. The Magistrate Judge engaged in a thorough discussion of the relevant law, the jurisdictional issues asserted, and whether the Plaintiff stated a claim for relief against the Defendants. The court has reviewed the record in this case and finds that the R & R is not clearly erroneous. Accordingly, the Court adopts Magistrate Judge Collins' recommendation that the Defendants' motion for summary judgment be GRANTED.

## CONCLUSION

The Report and Recommendation (ECF No. 50) is ADOPTED. The Defendants' Motion for Summary Judgment (ECF No. 34) is GRANTED. The Clerk is DIRECTED to enter judgment in favor of all Defendants and against Plaintiff.

SO ORDERED on May 23, 2024.

        s/ Holly A. Brady
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT